THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| HEATH GABRIEL DEHART,<br><br>Plaintiff,<br><br>v.<br><br>ALLY FINANCIAL INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 4:23-cv-00074-DN-PK<br><br>District Judge David Nuffer |

Plaintiff Heath Gabriel DeHart's pro se Complaint alleges that Defendant Ally Financial Inc. ("Ally") violated the Fair Credit Reporting Act ("FCRA") and state consumer protection laws.[1] Mr. DeHart's claims relate to his purchase of a defective vehicle that Ally financed.[2] Mr. DeHart alleges that Ally inaccurately reported negative credit information to consumer reporting agencies ("CRAs") and failed to provide documents necessary to facilitate the vehicle's Lemon Law buyback.[3] Ally seeks dismissal of Mr. DeHart's Complaint for failure to state a claim ("Motion to Dismiss").[4]

Because Mr. DeHart's Complaint fails to allege sufficient facts to state a plausible claim for relief against Ally, the Motion to Dismiss[5] is GRANTED. However, Mr. DeHart is given leave to file an amended complaint.

---

[1] Complaint, docket no. 1-1, filed Sep. 18, 2023.

[2] *Id.* at 2.

[3] *Id.* at 3-4.

[4] Ally Financial Inc.'s Motion to Dismiss ("Motion to Dismiss") at 1, docket no. 10, filed Sep. 25, 2023.

[5] *Id.*

## DISCUSSION

Dismissal is appropriate under FED. R. CIV. P. 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[6] Each cause of action must be supported by enough sufficient, well-pleaded facts to be plausible on its face.[7] In reviewing a complaint under Rule 12(b)(6), factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[8] However, "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation" of the law are disregarded.[9] And with limited exceptions, no facts or evidence outside the complaint may be considered.[10]

Additionally, a pro se plaintiff's pleadings are construed liberally[11] and may be reasonably read to state a claim despite the plaintiff's unfamiliarity with pleading requirements.[12] But this liberal construction cannot "supply additional factual allegations to round out [the] plaintiff's complaint or [to] construct a legal theory on the plaintiff's behalf."[13]

### Mr. DeHart fails to allege sufficient facts to state a plausible FCRA claim against Ally

Mr. DeHart's Complaint does not identify a specific subsection of the FCRA under which his FCRA claim arises. However, Mr. DeHart alleges that Ally violated the FCRA by inaccurately reporting his credit information to CRAs and by failing to provide requested

---

[6] FED. R. CIV. P. 12(b)(6); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[8] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

[10] *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

[11] *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013).

[12] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[13] *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 2007).

documents.[14] Therefore, the claim is construed being brought under 15 U.S.C. § 1681s-2, which outlines the responsibilities and liabilities of persons who furnish information to CRAs.[15]

Section 1681s-2(a) creates several duties on furnishers of information to CRAs regarding the accuracy of furnished information, including a furnisher's duties upon receiving notice of a dispute from a consumer.[16] But no private right of action exists for a consumer against a furnisher that has allegedly violated these duties.[17] Rather, violations of § 1681s-2(a) may only be enforced through actions brought by a State on behalf of that State's residents.[18]

A private right of action for a consumer against a furnisher does, however, exist under § 1681s-2(b). Section 1681s-2(b) creates duties of furnishers of information to CRAs upon receiving notice of a consumer dispute from a CRA.[19] Upon receiving notice of a dispute from a CRA, a furnisher must:

> (1) investigate the disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report the results of the investigation to all other CRAs if the investigation reveals that the information is incomplete or inaccurate; and (5) modify, delete, or permanently block the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable.[20]

A consumer is entitled to damages for a furnisher's willful or negligent violation of these duties.[21]

---

[14] Complaint at 3-4.

[15] 15 U.S.C. § 1681s-2.

[16] *Id*. § 1681s-2(a)(1)-(9).

[17] *Id*. § 1681s-2(c)(1).

[18] *Id*. §§ 1681s(c)(1)(B), 1681s-2(c)(1).

[19] *Id*. § 1681s-2(b)(1).

[20] *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1178 (10th Cir. 2013) (internal quotations omitted).

[21] *Id*. at 1179; 15 U.S.C. §§ 1681n, 1681o.

The Complaint alleges that Mr. DeHart sent Ally a cease-and-desist letter disputing the accuracy of the information Ally provided to CRAs.[22] This letter would trigger Ally's under § 1681s-2(a) for which there is no private right of action. But the letter is not sufficient to trigger Ally's duties under § 1681s-2(b) for which a private right of action exists. Ally must receive notice of a consumer dispute from a CRA to trigger its duties under § 1681s-2(b). The Complaint fails to allege that Mr. Dehart ever sent notice to a CRA disputing the accuracy of the information Ally furnished, or that Ally ever received notice of such dispute from a CRA. Therefore, the Complaint fails to allege a plausible claim for relief against Ally under the FCRA.

However, this is not the only deficiency in Mr. DeHart's FCRA claim. Inaccurately furnished information includes information that is false and provided "to create a materially misleading impression."[23] And it can be materially misleading to furnish information about a debt without any mention of a dispute.[24] The Complaint alleges that Ally furnished CRAs with "negative" and inaccurate" information without informing the CRAs of a dispute.[25] But the Complaint includes no factual allegations regarding what information Ally furnished to the CRAs; what the CRAs reported regarding the debt; or how the information and its reporting was negative or inaccurate. Liberal construction of the Complaint cannot fill in these gaps left by Mr. DeHart's conclusory allegations.[26] Therefore, in the absence of necessary subsidiary factual allegations regarding the information that Ally furnished to CPAs, the Complaint fails to allege a plausible claim from relief against Ally under the FCRA.

---

[22] Complaint at 3.

[23] *Llewellyn*, 711 F.3d at 1186.

[24] *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 150 (4th Cir. 2008).

[25] Complaint at 3-4.

[26] *Whitney*, 113 F.3d at 1173-74.

### Mr. Dehart fails to allege sufficient facts to state
### a plausible claim against Ally under state law

Mr. DeHart's Complaint alleges that Ally violated state consumer protection laws by the same conduct that allegedly violated the FCRA.[27] The Complaint also includes vague references to a breach of contract and negligence by Ally,[28] but these causes of action are not expressly raised against Ally. FED. R. CIV. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[29] This Rule ensures that a defendant is given "fair notice of what the claim is and the grounds upon which [the claim] rests."[30]

The Complaint's bald allegation that Ally violated state consumer protection laws, and its vague references to breach of contract and negligence are not sufficient to state a plausible claim for relief against Ally. The Complaint's allegations fail to provide Ally with "sufficient notice to begin preparing its defense and . . . sufficient clarity to [permit] adjudicat[ion of a claim] the merits."[31] It is entirely unclear from the Complaint what state consumer protection laws Mr. DeHart is alleging Ally violated, or what alleged conduct of Ally would support a breach of contract or negligence cause of action. And liberal construction of the Complaint cannot supply additional factual allegations or construct legal theories for Mr. DeHart.[32] Therefore, the Complaint fails to allege a plausible claim from relief against Ally under state law.

---

[27] Complaint at 3-4.

[28] *Id.*

[29] FED. R. CIV. P. 8(a)(2).

[30] *Twombly*, 550 U.S. at 555 (internal quotations and punctuation omitted).

[31] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[32] *Whitney*, 113 F.3d at 1173-74.

### Mr. DeHart is given leave to file an amended complaint

Ally seeks dismissal of the Complaint with prejudice.[33] However, such relief is appropriate only when subject matter jurisdiction is present and when no set of circumstances could permit Mr. DeHart to state a plausible claim for relief based on Ally's alleged conduct.[34]

In his response to Ally's Motion to Dismiss, Mr. DeHart asserts that he sent notice to the CRAs regarding his dispute over the information Ally furnished.[35] He also attached copies of the letters he purportedly sent to the CRAs.[36] While this assertion and evidence outside the Complaint cannot be considered to defeat Ally's Motion to Dismiss,[37] it does suggest that Mr. DeHart may have the ability to state a plausible FCRA claim against Ally under § 1681s-2(b).

On this record, and because of Mr. DeHart's pro se status, it is appropriate to grant Mr. DeHart leave to file an amended complaint to correct the Complaint's pleading deficiencies. However, Mr. DeHart's amended complaint must "sufficiently allege[] facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed."[38] This includes factual allegations identifying what the "defendant did . . . ; when the defendant did it; how the defendant's actions [caused harm]; and what specific legal right the plaintiff believes the defendant violated."[39]

---

[33] Motion to Dismiss at 8.

[34] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

[35] Response to "Motion to Dismiss" at 3, docket no. 15, filed Oct. 17, 2023.

[36] Notice Letters, docket no. 15-1, filed Oct. 17, 2023.

[37] *Gee*, 627 F.3d at 1186.

[38] *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

[39] *Nasious*, 492 F.3d at 1158.

## ORDER

IT IS HEREBY ORDERED that Ally's Motion to Dismiss[40] is GRANTED.

IT IS FURTHER ORDERED that Mr. DeHart is given leave to file an amended complaint by no later than January 12, 2024. A failure to timely file an amended complaint by January 12, 2024, will result in this case's dismissal without prejudice and without further notice.

Signed December 12, 2023.

BY THE COURT

David Nuffer
United States District Judge

---

[40] Docket no. 10, filed Sep. 25, 2023.